3

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
NABEEL M. ZUBERI, State Bar #294600
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ROBERT WINFORD SMITH and

TAMMY FORMENT

Debtors.

Case No. 13-33274-B-7
Chapter 7

DNL-2

Date:  March 11, 2014
Time:  9:32 a.m.
Place: Dept. B, Courtroom 32
       501 I Street, 6th Floor
       Sacramento, CA 95814

## MOTION FOR AUTHORITY TO SELL ESTATE PROPERTY

J. MICHAEL HOPPER ("Trustee"), in his capacity as the Chapter 7 trustee for the bankruptcy estate of ROBERT WINFORD SMITH and TAMMY FORMENT (collectively "Debtors"), hereby moves for authority to sell the bankruptcy estate's interest in the following vehicles: (a) 1968 Ford Mustang automobile described by the Debtors as having a blown motor ("Mustang"); (b) 1983 Toyota Corolla automobile described by the Debtors as being in poor condition ("Corolla"); (c) 2003 Cadillac Escalade pick up truck described by the Debtors as being in fair condition ("Escalade"); and (d) 2008 Mercedes Benz C300 automobile described by the Debtors as being in good condition ("Benz") (collectively "Vehicles"), to the Debtors, for the purchase price of $18,741.84, subject to overbidding at the sale hearing. In support of his motion, Trustee submits the following:

1

## JURISDICTION AND BACKGROUND FACTS

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157(b)(2)(N) and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this motion is appropriate and proper pursuant to 11 U.S.C. § 363.

2. On October 14, 2013, the Debtors commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 7 petition. Trustee is the duly appointed Chapter 7 trustee for the Debtors' bankruptcy estate.

3. Among the scheduled assets of the Debtors' bankruptcy estate is the Debtors' interest in the Vehicles. The Debtors' amended schedules reflect that the non-exempt equity in the Vehicles aggregate $21,859.81, which is calculated as follows: (a) $10,786.97 net non-exempt equity in the Mustang (the scheduled value is $15,000, subject to a $1,313.03 lien claim and $2,900.00 exemption); (b) $500 non-exempt equity in the Corolla; (c) $8,485 non-exempt equity in the Escalade; and (d) $2,087.84 net non-exempt equity in the Benz (the scheduled value is $17,392, subject to a $15,304.16 lien claim).

4. The Debtors' amended schedules also reflect that the Debtors' cash and deposit funds aggregate $4,699.93 and are subject to a claim of exemption in the amount of $3,441.77, pursuant to California Code of Civil Procedure Section 704.070.

## SALE AGREEMENT

5. Subject to Bankruptcy Court approval and overbidding through conclusion of the sale hearing, Trustee has entered into a sale agreement with the Debtors providing for the Debtors' purchase of the bankruptcy estate's interest in the Vehicles ("Sale Agreement"). The essential terms of the Sale Agreement include the following: (1) the Debtors shall purchase the bankruptcy estate's interest in the Vehicles for the purchase price of $18,741.84; (2) $8,741.84 of the purchase price shall be paid within 7 days of Bankruptcy Court approval of the Sale Agreement and the balance shall be paid in $1,000 installments, which shall be made payable on the first day of each month after Bankruptcy Court approval of the Sale Agreement; (3) the Debtors' payment obligation shall be secured by the Vehicles; (4) upon receipt of the full purchase price of the Vehicles, Trustee shall convey title to the Vehicles to the Debtors by bill of sale; and (5) the Debtors shall turn over to

Trustee the $1,258.16 non-exempt portion of the cash and deposit funds, described above, within 7 days of execution of the Sale Agreement.

### BASIS FOR RELIEF SOUGHT

Pursuant to 11 U.S.C. Section 363(b)(1), a trustee can sell property of the estate after notice and hearing. A sale under Section 363(b)(1) must have a valid business justification and be proposed in good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996). Trustee's proposed sale to the Debtors has a valid business justification and is in the best interest of the bankruptcy estate. The sale provides for the recovery of nearly all of the non-exempt equity in the Vehicles and will provide for a sure return to the estate in the amount of $18,741.84. Moreover, in Trustee's opinion, the sale to the Debtors is more beneficial than auctioning the Vehicles because an auction could provide for a return to the estate that is less than the current sale price. Indeed, the estate would have to account for the risk associated with an auction, an auctioneer's commission (12%), the cost to store the Vehicles, and the administrative costs associated with employing and compensating an auctioneer. Finally, Trustee will provide notice to all interested parties so prospective buyers will have an opportunity to submit overbids. Based on the foregoing, the proposed sale to the Debtors is a good faith effort by Trustee to maximize the net return to the estate on account of the Vehicles.

**WHEREFORE,** Trustee respectfully prays that the motion be granted and for such other and further relief as is necessary and proper.

Dated: February \_\_, 2014         **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
J. RUSSELL CUNNINGHAM
Attorneys for J. Michael Hopper, Trustee

3